UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND JOSEPH ROBINSON #233894, | Case No. 1:07-cv-668 |
| Plaintiff, | HONORABLE PAUL MALONEY |
| v. | |
| DAVE J. BURNETT, | |
| Defendant. | |

**Opinion and Order**

**Granting in part & Denying in part Defendant's Motion to Dismiss the Complaint with Prejudice;
Dismissing the Complaint *without* Prejudice as a Discovery Sanction;
Advising the Plaintiff that Dismissal will Become *With* Prejudice Unless Conditions are Fulfilled**

This is a prisoner civil-rights action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). In July 2007, Raymond Joseph Robinson ("Robinson") filed the complaint, and Magistrate Judge Carmody granted his motion for leave to proceed *in forma pauperis* and ordered the complaint and summons served on the defendants. In September 2007, Robinson filed a motion for leave to amend the complaint, which the Magistrate Judge denied in October 2007. By order issued March 3, 2008, this court granted summary judgment to three defendants, on motion, and dismissed them from the case without prejudice due to Robinson's failure to exhaust administrative remedies: deputy warden Lori Gidley, assistant deputy warden Laura Krick, and J. Armstrong [document #36].

When Robinson was released from prison, he filed a notice of change of address on March

17, 2008. *See* Document #37. On May 22, 2008, the court issued a Case Management and Scheduling Order ("CMSO"), *see* Document #38; the Clerk's Office mailed a copy of the CMSO to Robinson's address of record, and the post office did not return the order as undeliverable.

On September 10, 2008, the lone remaining defendant, Dave J. Burnett ("Burnett"), mailed a Notice of Deposition to Robinson [certificate of service at document #40], scheduling a deposition for September 24, 2008 at 8:00 p.m. at the G. Robert Cotton facility in Jackson, Michigan. Burnett used the mailing address that Robinson provided to the court upon his release from prison in March 2008. According to Burnett's counsel, he and a court reporter arrived at the facility at 8:00 a.m. on the day scheduled for the deposition; Robinson did not appear, and Burnett's counsel left after forty minutes.

On October 6, 2008, Burnett filed a motion to dismiss the complaint with prejudice as a Rule 37 sanction for Robinson's failure to appear at the deposition. Robinson has not filed any response to the motion, nor has he sought an extension of time in which to do so.

Defendant Burnett invokes Federal Rule of Civil Procedure 37, which authorizes the court to impose sanctions on a party for failing to comply with a court order regarding discovery, or fails to comply with discovery obligations even in the absence of a court order. The Rule provides, in pertinent part,

>   (d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection
>
>     (1) In General.
>
>       (a) Motion; Grounds for Sanctions. The court where the action may, on motion, order sanctions if:
>
>         (I) A party . . . fails, after being served with proper notice, to appear for that person's deposition . . . .

> (2) Unacceptable Excuse for Failing to Act. A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)
>
> (3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(I)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(d). In turn, the cross-referenced part of Rule 37(b) authorizes the court to impose a host of sanctions, including striking pleadings in whole or in part, staying further proceedings until the order is obeyed, dismissing the action in whole or in part, or rendering a default judgment. FED. R. CIV. P. 37(b)(2)(A)(iii) - (vi).

As Burnett points out, Robinson was given adequate notice of the date, time and place of the deposition, and he did not request a different date, time or place. Nor did Robinson file a motion for a protective order to prevent the deposition from going forward as scheduled. Moreover, Burnett alleges facts which, if true, show that Robinson had actual notice of the deposition yet chose to disregard it, with no regard for the time and resources of opposing counsel or for the discovery period ordered by the court:

> Defendant is aware of facts that indicate that Plaintiff had actual notice of the time and place of the deposition. Defendant's counsel Michael R. Dean received a phone call on September 19, 2008, from attorney Caleb Marker ([Michigan Bar Member] P #70963), who indicated that he had been in contact with and was considering representing Plaintiff, and again on September 22, 2008, when he informed Mr. Dean that he would not be representing Mr. Robinson.
>
> During the September 19, 2008 phone call, Mr. Marker indicated that he was informed by Plaintiff of the upcoming deposition on September 24, 2008, and even went so far as to offer his office in Jackson as an alternate site to conduct the deposition if he decided to represent Mr. Robinson.

Burnett's Mot. at 3 (paragraph break added).

The court agrees that Robinson's failure to appear at a properly noticed deposition warrants a substantial sanction. Under the circumstances, however, outright dismissal with prejudice is too harsh until Robinson has had an opportunity to show that some lesser sanction (or no sanction) is appropriate in light of good cause for his conduct.

In *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962), the Supreme Court affirmed the *sua sponte* dismissal of a complaint where plaintiff's counsel had a history of delay in the case and had failed to appear for a scheduled pretrial conference. *Link*, 370 U.S. at 636. The Supreme Court affirmed the district court's dismissal of the complaint despite its failure to warn the plaintiff or first impose a lesser sanction. *Id.* With respect to the plaintiff's prior notice, the Court explained that "[t]he adequacy of notice and hearing respecting proceedings that may affect a party's right turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Id.* at 632.

Since *Link*, however, our Circuit has "discouraged involuntary dismissals without prior notice." *Rogers v. City of Warren*, – F. App'x –, –, 2008 WL 5054337, *5 (6th Cir. Nov. 26, 2008) (Richard Allen Griffin, J.) (holding that district court did not abuse its discretion by dismissing 42 U.S.C. § 1983 complaint with prejudice as sanction, but only after plaintiff's failure to appear at *two* court-ordered conferences). For example, in *Harris v. Callwood*, 844 F.2d 1254 (6th Cir. 1988), the Sixth Circuit stated that "in the absence of notice that dismissal is contemplated, a district court should impose a penalty that is short of dismissal unless the derelict has engaged in bad faith or contumacious conduct." *Harris*, 844 F.2d at 1256 (internal quotation marks and citation omitted).

Thus, the Sixth Circuit "often" applies the following four-factor test to assess the

appropriateness of involuntarily dismissing the complaint:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Rogers*, – F. App'x at –, 2008 WL 5054337 at *5.

As to the first factor, absent any communication by Robinson with the court or his adversary either before or after the deposition, the court is inclined to find that he knew about the deposition and is at fault for his unexplained refusal to attend or attempt to re-schedule it. More seriously, defendant Burnett provides evidence suggesting that Robinson attempted to deceive opposing counsel. Burnett recounts as follows:

> Certain facts have developed that make it likely that Plaintiff may attempt to mislead the Court and claim he did not receive notice of his deposition. Defendant's counsel is in receipt of a letter giving notice of his appearance of counsel to Plaintiff that was returned to the Office of the Attorney General and was marked as "Return to Sender – Attempted – Not Known – Unable to Forward."
>
> The letter was returned to the Attorney on September 25, 2008, or one day after the date of the deposition. This letter was postmarked September 8, 2008, or two days *before* the notice of deposition was filed and sent to Mr. Robinson. But the "Return to Sender" label is dated "9/22/08," or one day [sic, two days] prior to the deposition and fourteen days after it was postmarked. The Notice of Deposition, sent two days *after* the Appearance of Counsel letter, has not been returned to the Attorney General's office as undeliverable.
>
> * * *
>
> Plaintiff has clearly made it impossible to conduct any further discovery by leaving no forwarding address with the Defendant or this Court of where he can be reached. Finally, his apparent subterfuge in avoiding the deposition, as evidence by the Attorney General's appearance of counsel letter being returned as "unable to forward" immediately after the date of the deposition, though it had been postmarked some seventeen days earlier, would argue in favor of the most severe sanction of the dismissal of this action.

Burnett's Mot. at 3-4 and 4-5 (first paragraph break added). The court has reviewed Exhibit A,

which is a copy of the outside of the envelope that was returned to defendant Burnett's counsel, the Michigan Attorney General's office.

As the second factor, the court finds that defendant Burnett has been prejudiced by Robinson's conduct in three ways: defense counsel expended time and effort preparing for, traveling to, and attending the deposition; the court-ordered time for discovery expired on October 27, 2008 without Robinson making himself available for deposition; and defendant Burnett expended further resources on this motion, which appears to be an appropriate motion.

As to the third factor, however, the court notes that Robinson has never been warned that failure to attend the deposition or cooperate in discovery could lead to dismissal with prejudice. *See, e.g., Farley v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 4937963, *1 (E.D. Mich. Nov. 14, 2008) (Hluchaniuk, M.J.) (after granting defendant's motion to compel discovery, court warned, "[i]n the event that plaintiff does not comply with this Order within that time period the undersigned will recommend that the present action be dismissed as a sanction for failing to comply pursuant to 37(b)(2)(A)(v).").

Therefore, the court will dismiss the complaint, but only *without* prejudice for the time being.[1] The court will afford Robinson an opportunity to reinstate the complaint upon provision of a reasonable explanation for his failure to attend the deposition or contact the court or his adversary

---

[1]

*Cf. Schreiber v. Moe*, 2008 WL 4791359 (6th Cir. Nov. 5, 2008) (Kennedy, Batchelder, Griffin) (district court abused discretion by dismissing the remaining count of § 1983 plaintiff's complaint due to his counsel's failure to file a pretrial memorandum and attend the pretrial conference, notwithstanding earlier instances of late filings and late appearance at a court proceeding, as district court did not consider a lesser sanction, there was no evidence of bad faith, and the district court did not first warn the plaintiff of the possibility of dismissal);

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (reversing dismissal of complaint as sanction, where district court had not warned plaintiff that such a sanction might be imposed).

about the matter. Robinson should also rebut the inference that he refused mail at his address of record, even though he was able to receive mail and did receive mail there – causing the post office to mark "Return to Sender – Attempted – Not Known – Unable to Forward" on the envelope in which the defendant's Notice of Appearance of Counsel was mailed to him – in an attempt to mislead the defendant (and the court) into thinking that he no longer resided at the address he had provided. Specifically, Robinson should explain how the Notice of Appearance of Counsel (postmarked September 8, 2008) was purportedly returned as undeliverable, when the Notice of Deposition (postmarked two days later, September 10, 2008) was *not* returned as undeliverable.

The court will render the dismissal "with prejudice" if Robinson does not use the opportunity to convincingly rebut the delay, bad faith, and dishonesty apparent from the record as it stands. *See generally Laethem Equip. Co. v. Deere & Co.*, 2008 WL 4056359, *7 (E.D. Mich. Aug. 26, 2008) (David Lawson, J.) (dismissing complaint pursuant to FED. R. CIV. P. 37(b)(2)(c) as sanction for failure to comply with discovery order; "The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future.") (quoting *Bass v. Josten's, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *NHL v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976))).[2]

---

[2]

*See, e.g., Chandler v. Daly*, 2008 WL 2783178, *3 (W.D. Tenn. July 17, 2008) (S. Thomas Anderson, J.) (dismissing complaint as sanction for failure to comply with order to produce documents, noting, "the court previously considered and imposed lesser sanctions and specifically warned Plaintiff that failure to cooperate would lead to the sanction of dismissal.");

*Breckenridge v. Forum at Knightsbridge*, 2008 WL 2510790, *2 (S.D. Ohio June 19, 2008) (John D. Holschuh, J.) (granting defendants' renewed motion to dismiss complaint with prejudice as sanction pursuant to FED. R. CIV. P. 37(b)(2)(A)(v) for repeated failure to comply with discovery orders) ("Dismissal is a drastic sanction, but it is warranted in this case. The Court has previously

**ORDER**

The defendants' motion to dismiss the complaint with prejudice as a sanction for failure to appear at a deposition [document #41] is **GRANTED in part** and **DENIED in part.**

The complaint is **DISMISSED without prejudice.**

The plaintiff **MAY FILE** a notice, no later than February 12, 2009, which does the following: (1) show good cause for his failure to attend his own deposition on September 24, 2008; and, (2) show good cause for his failure to contact the court or opposing counsel in connection with the deposition.

If the plaintiff does not file such a notice, or if he files a notice which does not persuade the court, **the dismissal will automatically ripen into a with-prejudice dismissal on February 13, 2009 without further action from the court**. *See Jennings v. Principi*, 114 F. App'x 224 (7th Cir. 2004) (affirming dismissal with prejudice of complaint pursuant to district-court order which dismissed complaint without prejudice, allowed plaintiff 15 days to move to reinstate action if she showed that she had cured deficiencies relating to written discovery, and provided that otherwise the dismissal would "ripen into a dismissal with prejudice without further action by the court").

This is <u>not</u> a final order, so it is not immediately appealable.[3]

**IT IS SO ORDERED this 9th day of January, 2009.**

---

denied Defendants' motion to dismiss as a sanction for failure to cooperate in discovery, and has considered imposing other sanctions. However, Plaintiff's financial status renders many other sanctions, such as a fine or an award of attorney's fees, ineffective.").

[3] *See Rogers*, – F. App'x at –, 2008 WL 5054337 at *4 (Griffin, J.) ("[W]e apply an abuse-of-discretion standard when reviewing a district court's decision to involuntarily dismiss a case for failure to prosecute.") (citing *Schafer v. City of Defiance Police Dep't*, 529 F.2d 731, 736 (6th Cir. 2008)).

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge